**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Leah KING, Defendant—Appellant.**

**No. 04–10070.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Feb. 11, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Liningham's pending motions are denied.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

Leah King appeals the district court's denial of her Motion to Suppress, which preceded King's guilty plea for Possession of Stolen Mail Matter. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ The only question on appeal is whether the district court erred in denying King's motion to suppress the stolen mail found in the bag in her hotel room. The district court did not err in denying the suppression motion. The detention of King was a permissible *Terry* stop, grounded in reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (permitting brief investigatory stops when, based on totality of the circumstances, police have reasonable suspicion of criminal activity). She was observed by police entering a car that was known to have been stolen.

■ Although she was handcuffed and placed in a police car, she was detained only five minutes before Detective Shay spoke with her. When questioned, she mentioned methamphetamine pipes in her hotel room and consented to the search of her room. Considering all the circumstances surrounding the encounter between King and the police, and evaluating the intrusiveness of the stop and the methods employed by the police, *see Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir.2002), we conclude that the district court did not err in determining that the investigatory stop was reasonable and that King's otherwise voluntary consent to the search of her room was not tainted by an unlawful detention.

■ King denied ownership of the bag in which the stolen mail was found. A denial of ownership during a search constitutes abandonment for purposes of the Fourth Amendment. *United States v. Veatch*, 674 F.2d 1217, 1220 (9th Cir.1981). King had no reasonable expectation of privacy in an item which she abandoned. *Id.*

Therefore, the district court did not err in denying the motion to suppress evidence obtained from the seized bag.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.